IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CHENDUSHIYISHENGTAIYUSHANG MAOYOUXIANGONGSI, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>JUNPENG WU, DONGGUAN MIMAO ELECTRONIC TECHNOLOGY CO., LTD., AND SHENZHEN ZHONGHONGTIAN TECHNOLOGY CO., LTD.,<br><br>    Defendants. | Case No. 2:25-cv-337 |

**OPINION & ORDER**

Before the Court is the defendants' motion to stay proceedings pending *ex parte* reexamination proceedings (EPR) before the United States Patent and Trademark Office (USPTO). ECF Nos. 30 (motion), 31 (memorandum). Because the plaintiffs do not demonstrate that they would experience undue prejudice sufficient to outweigh the early stage of this litigation and the probability that EPR would simplify the issues in this case, the motion is **GRANTED.**

**I.    BACKGROUND**

    **A.    The Amazon Dispute**

The plaintiffs allege that in early 2025, the defendants filed complaints with Amazon alleging that products the plaintiffs were selling infringed the defendants' U.S. Patent No. 12,178,773 (the '773 patent). ECF No. 1 ¶ 35. Amazon then invited

the plaintiffs to participate in Amazon's Patent Evaluation Express Procedure (APEX) to resolve the complaints. ECF No. 34-5 at 2; *see* ECF No. 34 at 3–4. About a month later in February 2025, Amazon notified the defendants that the plaintiffs had not chosen to participate in APEX. ECF No. 34-7 at 2; *see* ECF No. 34 at 4. As a result, the plaintiffs' products were removed from Amazon's marketplace. ECF No. 1 ¶ 36; ECF No. 34-7 at 2.

The plaintiffs filed the Complaint in this case in June 2025, seeking declaratory judgment of noninfringement and invalidity of the '773 patent based in part on prior art. ECF No. 1. ¶¶ 77–91.

### B.     EPR Proceedings

EPR enables "any person" to request that the USPTO reexamine a patent "on the basis of [] prior art." 35 U.S.C. § 302. When considering a request for EPR, the USPTO determines if "a substantial new question of patentability" is presented. *Id.* § 304.[1] If EPR is granted, the patent owner is "permitted to propose any amendment to [their] patent and a new claim or claims thereto, in order to distinguish the invention as claimed from the prior art." *Id.* § 305.

In March 2025, a request for EPR of the '773 patent was submitted to the USPTO seeking reexamination of all claims in the patent. ECF No. 31-3 at 2; *see* ECF No. 31 at 3–4. The EPR filing was based on several of the same prior art references

---

[1] *See also* U.S. Patent and Trademark Office, 2209 *Ex Parte Reexamination [R-07.2022]*, https://www.uspto.gov/web/offices/pac/mpep/s2209.html (last accessed Oct. 23, 2025).

that the plaintiffs base their invalidity argument on here. *Compare* ECF No. 31-3 *with* ECF No. 1 ¶¶ 54, 65, 71. On August 12, 2025, the USPTO issued a non-final office action rejecting all claims as invalid over the prior art. ECF No. 31-4 at 4, 6; *see* ECF No. 31 at 4. The defendants filed a motion to stay this case pending resolution of the EPR on September 25, 2025. ECF No. 30.

## II.     LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This "includ[es] the authority to order a stay pending conclusion of a [US]PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988).

When considering motions to stay pending EPR, courts have found it particularly relevant to consider (1) "the stage of the litigation, including whether discovery is complete and a trial date is scheduled," (2) "whether a stay would simplify the matters at issue," and (3) "whether a stay would unduly prejudice or clearly disadvantage the non-moving party." *Centripetal Networks, LLC v. Keysight Tech., Inc.*, No. 2:22-cv-2, 2023 WL 5127163, at *3 (E.D. Va. Mar. 20, 2023) (quotation marks omitted); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014).

## III. ANALYSIS

### A. Stage of the Litigation

The first factor weighs in favor of granting a stay. "The stage of litigation weighs in favor of a stay when the motion is filed early in its proceedings—before the trial date or *Markman* hearing is set—and discovery has not been substantially completed." *Centripetal*, 2023 WL 5127163, at *4; *see also Juxtacomm-Texas Software, LLC v. Lanier Parking Sys. of Virginia, Inc.*, No. 3:11-CV-299, 2011 WL 3322554, at *2 (E.D. Va. Aug. 2, 2011). Courts "measure the stage of litigation" from "the date of the filing of the motion to stay." *VirtualAgility Inc.*, 759 F.3d at 1316.

The defendants filed their motion to stay on September 25, 2025, before the Court issued a scheduling order. *See* ECF No. 32. The parties had not yet begun fact discovery. ECF No. 31 at 6. Therefore, the Court finds that the litigation was early in its proceedings at the time the motion was filed.[2]

### B. Simplification of the Issues

The second factor weighs heavily in favor of granting a stay. "A stay pending the resolution of administrative proceedings will simplify matters before the district court if the administrative proceedings have the potential to dispose of claims entirely." *Centripetal*, 2023 WL 5127163, at *4 (citing *VirtualAgility Inc.*, 759 F.3d at 1314). Even if administrative proceedings are unlikely to dispose of claims, a stay

---

[2] Shortly after this motion was filed, the Court issued a scheduling order setting a *Markman* hearing and trial date. *See* ECF No. 32. But those dates—May 5, 2026, and October 5, 2026—are so far in the future that the Court still concludes this case is in its infancy. *Id.*

4

may simplify matters if it allows time for the administrative proceedings to build a record that assists the district court's claim construction analysis. *In re TLI Commc'ns, LLC*, No. 1:14-md-2534, 2014 WL 12615711, at *2 (E.D. Va. Aug. 11, 2014).

The USPTO has issued a non-final office action rejecting *all* claims in the '773 patent as invalid based in part on several of the same prior art references the plaintiffs cite in support of their invalidity argument in this case. ECF No. 31 at 4; ECF No. 31-4 at 4. Thus, it is possible that the EPR would result in disposal of the entire case, which is "the ultimate simplification of the issues." *VirtualAgility Inc.*, 759 F.3d at 1314. In other words, because of the EPR process, "it is likely that some or all of the claims in the original patent[] named in this suit will either cease to exist or will be amended." *Automated Tracking Sols., LLC, v. Awarepoint Corp.*, No. 2:11-cv-424, 2012 WL 12893449, at *2 (E.D. Va. June 5, 2012).[3] But at the very least, if the Court were to proceed and the USPTO "ultimately invalidates or modifies" even some claims, "significant time and resources would have been wasted by all concerned." *NSixty, LLC v. A2Z, Inc.*, No. CV MJG-17-1987, 2018 WL 9944991, at *2 (D. Md. Jan. 4, 2018).

---

[3] "[EPRs], unlike *inter partes reexaminations*, carry no estoppel provision precluding a party, in a civil action subsequent to a reexamination, from arguing invalidity of a claim on a ground that the party raised or could have raised during the reexamination." *Automated Tracking Sols. LLC*, 2012 WL 12893449, at *2. However, even if the defendants are not "estopped from asserting the same invalidity defenses that were raised in the reexaminations," a stay in proceedings "until the conclusion of the ongoing USPTO proceeding reduces the risk of contradictory or duplicative rulings in [this] case." *NSixty, LLC v. A2Z, Inc.*, No. 1:17-cv-1987, 2018 WL 9944991, at *3 (D. Md. Jan. 4, 2018).

The plaintiffs argue that there "is no certainty that a stay would simplify matters" and because the "scope of issues facing this Court are not fully set," it is possible "the scope of one or more claims [will be] altered." ECF No. 33 at 7. But this argument supports the Court's conclusion. If EPR would alter the scope of a claim, the Court and the parties would have spent "significant time and resources" on issues they ultimately did not need to address. *NSixty, LLC*, 2018 WL 9944991, at *2.

Finally, of the 12,821 EPRs that have reached a final certificate, 64% included changes to a patent's claims and 14.1% resulted in all claims cancelled.[4] Thus, the sheer probability that the EPR proceedings would simplify issues in this case is high.

Taking the probability of simplification together with the non-final office action here, the Court finds that there is a significant likelihood that the EPR proceedings would simplify issues regarding the validity and infringement of the '773 patent.

### C. Prejudice to the Non-Moving Party

The third factor is neutral. "Whether the patentee will be unduly prejudiced by a stay in the district court litigation . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc.*, 759 F. 3d at 1318 (emphasis removed). To show undue prejudice, the party opposing the stay must demonstrate that monetary damages will be insufficient to remedy its losses. *Id.* at 1318–19.

The plaintiffs argue that they would be unduly prejudiced by a stay because they would suffer harm that would not be recoverable. The plaintiffs explain that

---

[4] U.S. Patent and Trademark Office, Ex Parte Reexamination Filing Data – September 30, 2024, https://www.uspto.gov/sites/default/files/documents/ex_parte _historical_stats_.pdf (last accessed Oct. 23, 2025); ECF No. 31-5 at 3.

6

they ship their products to Amazon warehouses before customers purchase the products so that U.S.-based customers have "quick access." ECF No. 33 at 3. But because Amazon removed the plaintiffs' products from its marketplace, the pre-shipped products have been "stuck in Amazon facilities," incurring storage fees. *Id.* Additionally, the products may be at risk of destruction "per Amazon internal policies" and because the rechargeable batteries in the products may die and lose their ability to fully recharge. *Id.* at 3–4.

The plaintiffs contend that they would be unduly prejudiced by a stay in this case because: (1) They are unable to make any profit from the sale of their products; (2) they would not be able to recoup the loss of the Amazon storage fees and of the destroyed products; and (3) their product ranking on Amazon would suffer, meaning the product would be harder to sell in the future.[5] ECF No. 33 at 3–5. But while it is not clear that the plaintiffs could be adequately compensated by monetary damages for the harms they allege,[6] the plaintiffs fail to demonstrate undue prejudice sufficient to deny the motion to stay.

The plaintiffs spill much ink arguing that the defendants obtained a so-called unilateral "*de facto* injunction" from Amazon and have not "informed Amazon or any

---

[5] The plaintiffs also argue that consumers suffer harm because the defendants are now receiving the benefit of exclusivity in the market. ECF No. 33 at 5, 7–8. However, the plaintiffs' allegations of consumer harm are vague and conclusory, and they do not provide any support for their assertion that the defendants have exclusivity in the market. But regardless, whether there is consumer harm is not the inquiry here—the inquiry is whether the *nonmoving party* would be unduly prejudiced by a stay.

[6] The plaintiffs do not seek monetary damages in their Complaint. *See* ECF No. 1 at 13.

other third party that their original complaint was made based on a now[-]rejected patent." ECF No. 33 at 5–7. However, the undue prejudice inquiry focuses on the need for an "expeditious resolution of [the] claim." *VirtualAgility Inc.*, 759 F.3d at 1318. And here the plaintiffs were invited to resolve the Amazon complaints through APEX in January 2025 but chose not to do so.; ECF No. 34-7 at 2; *see* ECF No. 34 at 4. APEX would have been the fastest way to avoid the harms the plaintiffs claim they are experiencing now. *Cf. VirtualAgility Inc.* 759 F.3d at 1320 ("[D]elays in pursuing suit and seeking preliminary injunctive relief belie [the defendant's] claims that it will be unduly prejudiced by a stay."). The plaintiffs also do not explain why they themselves are unable to bring the non-final agency action to the attention of APEX.

    Additionally, the plaintiffs have not explained why resolution through this Court would be faster than through the EPR process, which has already issued a non-final office action, other than to state that the defendants "have not responded to the outstanding office action rejecting all claims." ECF No. 33 at 7. But trial in this case is not scheduled until October 2026. Therefore, it is not apparent that resolution of this litigation would be any more expeditious than EPR proceedings.

    As to the plaintiffs' specifically articulated harms, the plaintiffs do not show that they are unable to sell their products through different marketplaces or directly to consumers. So the plaintiffs do not demonstrate that they will likely lose profits for their products beyond those which are currently stored in Amazon's storage facilities, which—as explained above—might have been avoided through APEX procedures. Furthermore, the risk of decline in the plaintiffs' Amazon ranking, which

8

is akin to a loss of "consumer goodwill," is not enough to find undue prejudice. *VirtualAgility Inc.*, 759 F.3d at 1318.

Finally, the evidence does not suggest that the defendants possessed a "dilatory motive" in moving for a stay. *VirtualAgility Inc.*, 759 F.3d at 1319. The plaintiffs maintain that the defendants delayed this litigation by seeking an extension of time to file their answer and then moving to dismiss the claims. ECF No. 33 at 3. However, the defendants sought a stay only three months after the initiation of this action and a month after the USPTO's non-final agency action. The Court does not find any evidence of dilatory motive given this short timeline. *See Akeena Solar Inc. v. Zep Solar Inc.*, No. 3:09-cv-5040, 2010 WL 1526388, at *3 (N.D. Cal. Apr. 14, 2010) (no "evidence of dilatory motives or tactics" where party moved for a stay three months after complaint was filed); *OANDA Corp. v. GAIN Cap. Holdings, Inc.*, No. 3:20-cv-5784, 2021 WL 1186778, at *6 (D.N.J. Mar. 30, 2021) (collecting cases).

In sum, two of the three factors—the early stage of litigation and simplification of the issues—weigh in favor of a stay, and the undue prejudice factor is neutral. Thus, the Court will grant the defendants' motion to stay.

### IV. CONCLUSION

The defendants' motion to stay (ECF No. 30) is **GRANTED**.

It is **ORDERED** that the case is **STAYED,** and the Scheduling Order (ECF No. 32) is **VACATED**.

The parties are **DIRECTED** to contact the Court to schedule a status conference within seven days of the USPTO issuing its final determination.

The defendants' motion to dismiss (ECF No. 22) is **DISMISSED WITHOUT PREJUDICE**. Should this case proceed after the USPTO's final determination, the defendants will be free to refile the motion.

**IT IS SO ORDERED**.

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
October 23, 2025